UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL D. DEGONIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV459 TIA |
| | ) | |
| DANETTA COLEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Daniel Degonia for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against defendant Danetta Coleman for unspecified relief. Plaintiff says that defendant was employed as a social worker for the Division of Family Support in 2000 and was the caseworker for plaintiff's foster children at that time. Plaintiff appears to claim that he was subsequently imprisoned for sex-related crimes. Plaintiff states that he was put on probation in March 2009. Plaintiff seems to maintain that he is a registered sex offender.

Plaintiff alleges that since he has been on probation, defendant has "threatened" him, including calling the principal of the school plaintiff's children attend and requesting that plaintiff be arrested if he shows up there. Plaintiff further alleges that defendant has threatened him about his "medical condition," which is unspecified.

-2-

**Discussion**

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law," and (2) the action is a deprivation of a constitutional or federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). While plaintiff alleges that defendant worked for a governmental agency in 2000, there are no allegations that defendant was a state actor when the alleged misconduct took place. As a result, the complaint fails to establish a prima facie case under § 1983.

Moreover, even if plaintiff had alleged that defendant currently works for Missouri's Division of Family support, plaintiff's allegations would still fail to state a claim upon which relief can be granted. The complaint is silent as to whether defendant is being sued in her official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either

a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint must be dismissed under 28 U.S.C. § 1915(e)

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  30th  day of March, 2010.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE